IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARLON GLENN SPENCER                                              PLAINTIFF

vs.                                   CIVIL ACTION NO. 1:11CV117-A-A

MICHAEL ASTRUE,
Commissioner of Social Security                                DEFENDANT

## REPORT AND RECOMMENDATIONS

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Marlon Glenn Spencer for a period of disability and disability insurance benefits under Section 216(I) and 223 of the Social Security Act and for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively applied for benefits on January 30, 2008, alleging that he became disabled on January 24, 2008 due to chronic headaches, double vision, effects of pain medication (Docket 9, p. 139), hypertension, glaucoma, a brain aneurism ( Docket 9, p. 148) blood sugar/diabetes, memory loss and balance issues. Docket 9, p. 156.

The plaintiff's claim was denied initially and on reconsideration. *Id.* at 45-48, 50-55, 58-61. Plaintiff, assisted by counsel, timely requested a hearing (*Id.* at 63) and testified at the administrative hearing held on January 20, 2010. Docket 9, pp. 29-43. The ALJ issued an unfavorable decision on January 22, 2010. *Id.* at 11-24. The Appeals Council denied plaintiff's request for a review on March 17, 2011. *Id.* at 7-11. The plaintiff timely filed the instant appeal from the Commissioner's most recent decision, and it is now ripe for review.

In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has

the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

The plaintiff was born on April 30, 1972 and was thirty-seven years old at the time of his hearing. Docket 9, p. 32. He has a high school education (*Id.* at 124) and his past relevant work was as a machine press operator, fork lift operator, production record keeper, foam slitter operator, and saw operator. *Id.* at 42, 121. He contends that he became disabled on January 24, 2008 as a result of a status post-cerebrovascular incident, hypertension, non-insulin dependent diabetes mellitus, and obesity. *Id.* at 33-34, 120. As a result of his cerebrovascular incident, plaintiff suffers from vision and balance problems. *Id.* at 34. The ALJ rejected his claims of disability, concluding that even though the plaintiff has severe impairments and cannot perform his past relevant work, there nevertheless are jobs which exist in significant numbers in the national economy which plaintiff can perform. Docket 9, p.23. As a consequence, he found plaintiff was not disabled. *Id.* at 23-24.

Plaintiff contends that the ALJ erred by utilizing "The Grids" to determine that jobs exist in significant numbers in the national economy that plaintiff can perform instead of eliciting testimony from the vocational expert ("VE") at the hearing as to the existence of jobs. Docket 14, p. 4.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v.*

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

3

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10]  The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted).  Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed."  *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## III.  DISCUSSION

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

4

At step one, the ALJ concluded that plaintiff has not engaged in substantial gainful activity since his alleged onset date. Docket 9, p. 16. At step two, the ALJ determined that plaintiff suffered from "severe" impairments in the form of status post-cerebrovascular accident, hypertension, non-insulin dependent diabetes mellitus, and obesity; at step three the ALJ found that these severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 16-19. After considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> occasionally lift and or carry 10 pounds. The claimant retains the ability to stand/walk 2 hours in an 8-hour work day. Additionally, the claimant retains the ability to sit 6 hours in an 8-hour work day (20 CFR 404.1567(a) and 416.967(a).

*Id.* at 19. In light of testimony by the VE, the ALJ found plaintiff incapable of performing his past relevant work at step four. *Id.* at 22-23. Then based upon his examination of the Medical-Vocational Guidelines,[11] or "The Grids," the ALJ concluded that plaintiff was capable of performing a significant number of jobs in the national economy, and therefore was not disabled. *Id.* at 23-24.

As plaintiff submits as his sole argument on appeal that the ALJ erroneously used "The Grids" to determine that he can perform a significant number of jobs that exist in the national economy [Docket 14, p. 5] and makes no claim of error with regard to any other portion of the ALJ's decision, the court's evaluation is limited to the propriety of the ALJ's application of the Grids to reach the ultimate conclusion that plaintiff is not disabled. In *Perez v. Heckler*, the Fifth Circuit held

> One method the Secretary may use to meet her burden is to call a

---

[11]20 C.F.R. 404, Subpart P, Appendix 2.

> vocational expert to testify about the jobs the claimant can
> perform; however, the Secretary is not required to present direct
> testimony in order to sustain her burden.  Rather, the Secretary
> may make use of administrative guidelines to meet her burden.
> The guidelines may be applied in a case, such as Perez's, where
> the claimant is not doing substantial gainful activity and is
> prevented by a severe medically determinable impairment from
> doing vocationally relevant past work.

777 F.2d 298, 301 (5th Cir. 1985)(internal citations omitted).  The Fifth Circuit has routinely noted that whether to call a VE to testify is within the ALJ's discretion, and it is not necessary to establish work in the national economy.  *Jones v. Heckler*, 702 F.2d 616, 622 (5th Cir. 1983).  In *Perez*, the Fifth Circuit upheld an ALJ's decision to call a VE and to apply the grids.  777 F.2d at 301-02.  On appeal, the Circuit evaluated whether the ALJ's findings as to residual functional capacity, age, education, and work experience were supported by sufficient [*i.e.*, substantial] evidence to justify proper application of the Grids.  *Id.* at 302.

In the instant case, the ALJ's decision that plaintiff is capable of performing sedentary work is supported by substantial evidence.  Docket 9, p. 23.  The ALJ properly evaluated plaintiff's medical history, including his follow-up treatment and testimony at the hearing, to reach this conclusion.  Similarly, the ALJ's decision that plaintiff is a younger individual with at least a high school education, is able to communicate in English, and transferability of job skills is immaterial is supported by substantial evidence.  Becasue all of the ALJ's findings as to plaintiff's RFC, age, education and work experience are supported by substantial evidence, and because the determinations coincided with factors in the guidelines, the ALJ properly utilized the Grids.  Applying his findings to the Grids, the ALJ reached the proper conclusion that plaintiff is not disabled.

Plaintiff relies upon the Fifth Circuit's *Millet v. Schweike*, 662 F.2d 1199 (5th Cir. 1981),

for the proposition that the testimony of a VE is the best evidence of the existence of jobs in the national economy. However, *Millet* is easily distinguished from the subject case. Donald Millet suffered from mental impairments as a result of exposure to a chlorine gas cloud. *Id.* at 1200. At the hearing before the ALJ, testimony was elicited from a physician that also provided testimony as to the jobs that plaintiff could perform. Based upon the testimony by the physician, who was not qualified to testify as a vocational expert, the ALJ determined that plaintiff could perform light, sedentary work. The Fifth Circuit held that the ALJ exceeded his discretion in relying solely on the testimony of the agency physician to make such a determination. *Id.* at 1204. Plaintiff further alleges that both cases involve the issue of the existence of jobs and their prevalence in the national economy, but the court disagrees. Plaintiff has not cited to any portion of the record to support this allegation, and the court's has not discovered any evidence to support this contention in the record. The *Millet* case is not factually similar to the case at hand and is therefore not applicable here.

After a review of the evidence presented to the ALJ, the undersigned is of the opinion that the ALJ's opinion was supported by substantial evidence. The ALJ thoroughly analyzed each of plaintiff's alleged impairments, even those for which no support appeared in the record. He properly weighed the evidence from plaintiff's treating physicians and evaluated plaintiff's impairments under all of the necessary steps. The ALJ's conclusion that plaintiff is capable of performing jobs in significant numbers in the national economy and is not disabled is supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 11th of January, 2012.

7

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE